Matter of Attorneys in Violation of Judiciary Law § 468-a (Shim) (2025 NY Slip Op 05864)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Shim)

2025 NY Slip Op 05864

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

PM-234-25
[*1]In the Matter Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Seog Tae Shim, Respondent. (Attorney Registration No. 4474110.)

Calendar Date:September 22, 2025

Before:Garry, P.J., Aarons, Lynch, Powers and Mackey, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Seog Tae Shim, Gyeonggi-do, Korea, respondent pro se.

Motion by respondent for an order reinstating them to the practice of law following their suspension by May 2019 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1752 [3d Dept 2019]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to August 11, 2025, the September 16, 2025 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court,[FN1] (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant their application. Notwithstanding their satisfaction of the substantive requirements for reinstatement, we direct respondent to (1) demonstrate their completion of six continuing legal education credits in the areas of Skills and/or Law Practice Management (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [d], [e]) that specifically relate to the practice of law in New York (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [i]); and (2) provide proof of their compliance with this condition to both this Court and the Attorney Grievance Committee for the Third Judicial Department within 60 days of this Court's order. Accordingly, it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately, subject to the conditions set forth in this decision.
Garry, P.J., Aarons, Lynch, Powers and Mackey, JJ., concur.

Footnotes

Footnote 1: While respondent self-certified as being exempt from the mandatory continuing legal education requirements attendant to their biennial registration obligations, we again remind the Bar that the continuing legal education requirement contained within Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5) is "separate and distinct" from the continuing legal education requirements attendant to an attorney's biennial registration (Matter of Attorneys in Violation of Judiciary Law § 468-a [Pretorius], 218 AD3d 954, 956 [3d Dept 2023]).